UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-00126-R

CARL BROWN                                                                    PETITIONER

v.

THOMAS SIMPSON, Warden                                                        RESPONDENT

**OPINION AND ORDER**

Petitioner Carl Brown is an inmate at the Kentucky State Penitentiary ("KSP") in Eddyville, Kentucky. He has previously filed, *pro se*, a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to Magistrate Judge King for a report and recommendation. On January 5, 2010, Judge King made his findings in an opinion, recommending the dismissal of the habeas petition on a number of procedural bases. DN 14. On January 21, 2010, Brown filed a six-page memorandum detailing his objections to Judge King's opinion. DN 16. On February 5, 2010, after conducting a *de novo* review of the matter, this Court adopted Judge King's report and recommendation in light of Brown's objections. DN 17. In the order, the Court denied him a certificate of appealability and leave to appeal *in forma pauperis*, both in accordance with 28 U.S.C. § 1915(a), because the appeal would be frivolous and not taken in good faith.

Over a year later, on April 14, 2011, Brown filed a notice of appeal to the Sixth Circuit regarding the Court's February order. The same day, Brown filed a motion to reopen the time to file an appeal pursuant to Federal Rule of Appellate Procedure 4. DN 19. In this motion, he states that he did not receive the Court's final order adopting Judge King's report and recommendation and requests that the Court permit him to reopen his appeal. In the alternative,

1

Brown urges the Court to revisit its decision under Federal Rule of Civil Procedure 60(b).

Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides the following:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). Here, Brown states that although the Court's final judgment was entered on February 5, 2010, he first received notice on March 8, 2011, in a correspondence with opposing counsel. He subsequently filed his notice of appeal and this motion on April 14, 2011.

In applying the facts to Rule 4(a)(6), the Court believes that Brown has met the requirements of subsection (A). Documents submitted with the instant motion show that Brown failed to receive any legal styled mail at KSP during the entire month on February 2010. DN 19-4 at 1-3. In addition, the Court's order of judgment of February 5 did not include the typical "carbon copy" designation signaling the clerk of court to mail a paper copy to the parties. DN 17. Although such evidence of non-receipt may not be ironclad, the Court notes that "[w]hile Rule 4(a)(6) puts the burden on the moving party to demonstrate non-receipt, the rule does not mandate a strong presumption of receipt." *Nunley v. City of Los Angeles*, 52 F.3d 792, 795-96 (9th Cir. 1995). Accordingly, the Court will accept subsection (A) as satisfied.

The Court also believes Brown has made the necessary showing under subsection (C). The advisory committee notes counsel that the "prejudice" should be interpreted as "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of

reversal, consequences that are present in every appeal." Fed. R. App. P. 4(a)(6) (advisory committee notes 1991 Amendment). The notes continue, offering that "if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal[,]" then a showing a prejudice might be appropriate. *Id*. For the purposes of the motion, the Court will accept subsection (C) as satisfied since any prejudice to Respondent Thomas Simpson is minimal. Nor will the addition of a single prisoner's appeal constitute an undue burden to the workload of Kentucky's Cabinet of Justice and Public Safety. Comparing the prejudice to Simpson with the potential harm in denying Brown his the right to appeal, the Court concludes that the requirements for subsection (C) have also been met.

Subsection (B) is where Brown's problems arise. This motion was not filed within 180 days of the Court's order - it was in fact filed over a year later. According to the advisory committee notes interpreting this provision, "an appeal cannot be brought more than 180 days after entry no matter what the circumstances." *Id*. (advisory committee notes 2005 Amendment); *see Missouri v. Birkett*, No. 08-CV-11660, 2011 WL 886068, at *1 (E.D. Mich. Mar. 11, 2011); *Coger v. Davis*, No. 06-14039-BC, 2010 WL 1417835, at *1 (E.D. Mich. Apr. 5, 2010). Since, Brown cannot satisfy subsection (B) of Rule 4, he is not entitled to its protections.[1]

Finally, although Brown alternatively petitions the Court to alter its order and judgment under Federal Rule of Civil Procedure 60(b), the relief he seeks may not be granted under this rule. Notwithstanding the misgivings the Court may have about the alleged non-receipt of the

---

[1] While this result may seem inequitable, Rule 77 expressly cautions litigants against the current circumstances. Section (2) of the rule unequivocally warns that "[l]ack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed." Fed. R. Civ. P. 77(d)(2).

final order, its original decision to dismiss his habeas action was correct and therefore it should not be revisited pursuant to Rule 60(b).  As such, Brown's alternative request is improper.

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's motion (DN 19) is DENIED.